**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

1. TIMOTHY JACKSON, )
         Plaintiff, )
v. ) No. CIV-2017- 673-F
1. MEYER LOGISTICS, INC., ) ADAAA claim arising in Okla. County
         Defendant. ) JURY TRIAL DEMANDED

**PETITION**

**COMES NOW THE PLAINTIFF**, and for his cause of action herein alleges that:

**PARTIES**

1. The Plaintiff is Timothy Jackson an adult male who suffers from a disability and who resides in Canadian County, Oklahoma.

2. The Defendant is Meyers Logistics, Inc., a foreign corporation doing business throughout the State of Oklahoma.

**JURISDICTION AND VENUE**

3. This is a cause of action for discrimination based on disability as prohibited by the Americans With Disabilities Act, as amended (ADAAA), and by the Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested in this Court pursuant to 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 12117(a), and 28 U.S.C. § 1331. Jurisdiction over the state law claim is provided by 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma County and the Defendant may be served in Oklahoma County, Oklahoma. Oklahoma

1

Country is located in the Western District of the United States District Court of Oklahoma, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## STATEMENT OF FACTS

5. Plaintiff was an employee of Meyer at its Oklahoma City location from April 13, 2015 to March 25, 2016, working as a box truck driver.

6. Defendant is a corporation engaged in interstate commerce which has more than fifteen (15) employees in each year prior to and after Plaintiff's termination.

7. Plaintiff is a disabled individual within the meaning of the ADAAA and OADA in that Plaintiff suffers from a cardiac defect which has required hospitalization, insertion of a heart stint, and medication. Such condition substantial impairs the bodily function of his cardiac and vascular system, and in its untreated state can cause loss of consciousness and worsening of the heart function, leading to death. Further, Plaintiff is disabled under the "regarded as" component of the ADAAA and OADA in that Plaintiff was expressly fired based on the belief that he was medically unable to perform the functions of his job.

8. On or about March 18, 2016, Plaintiff suffered a fainting spell which resulted in Plaintiff's hospitalization. Plaintiff contacted his supervisor Gary Richardson on or about March 18, 2016 that he had suffered an episode and that he was in the emergency room of the hospital.

9. Late on the March 18, Plaintiff was told that he had a heart defect that required immediate surgery.

10. On the morning of March 19th, the supervisor texted Plaintiff to see how he was doing. Plaintiff was in surgery but his spouse answered and responded that he was in surgery. After the surgery, Plaintiff's spouse told Mr. Richardson that the surgery had gone well and that Plaintiff was expected to be released from the hospital and return to work on Tuesday.

11. Later on March 19 (the day of surgery), Plaintiff fell in the hospital and suffered a head injury.

12. On the 20th, Plaintiff's spouse called Gary Richardson and told Mr. Richardson that Plaintiff had fallen and suffered a head injury and that Plaintiff would be able to return to work, but it might be a week or two.

13. Plaintiff and or his spouse talked to Mr. Richardson to keep him advised, and on or about March 24, 2017, notified the HR department at corporate headquarters in Jasper, Indiana of Plaintiff's need to be off work through April 6, 2016 for follow-up treatment and an evaluation by his doctor. Plaintiff indicated that it was anticipated that he would be released back to work around that date.

14. On March 28, 2016, Gary Richardson called and asked if Plaintiff was at home so that he could talk to the Plaintiff. Mr. Richardson came to Plaintiff's house and delivered a letter dated March 25 stating Plaintiff was terminated from his job for a "Medical separation due to inability to perform job duties".

Richardson said this was not his decision and it was not up to him.

15. Plaintiff thereafter found out that Plaintiff's health insurance was terminated on March 25, 2016.

16. Plaintiff was able to perform his job, with the only required accommodation being the short time for treatment and evaluation.

17. Defendant never inquired as to whether the Plaintiff was able to return to work and never sought any medical information, but rather terminated the Plaintiff the day after he had requested the two week leave period.

18. Plaintiff was denied a reasonable accommodation (leave) and discriminated against because of a stereotypical belief that he could not perform his work.

19. The reason for Plaintiff's termination was Plaintiff's disability, actual and perceived, and retaliation for requesting an accommodation in the form of leave in violation of the ADAAA and OADA.

20. Plaintiff timely filed a charge of discrimination on or about April 22, 2016 and his right to sue letter was issued on or about March 23, 2017, and received thereafter. This lawsuit is timely brought within ninety (90) days of issuance of the right to sue letter.

21. Discrimination based on disability, actual or perceived, is prohibited by the ADAAA and the OADA.

22. As the direct result of the discrimination based on his disability, Plaintiff has suffered damages in the form of lost earnings from the date of his termination and continuing through the time of filing this action, and Plaintiff has suffered

dignitary harms in the form of anger, worry, embarrassment, and other like unpleasant emotions. For these injuries, Plaintiff is entitled to compensation in the form of money.

23. Because the discriminatory actions were intentional and carried out by management level employees of the Defendant, Plaintiff is also entitled to an award of punitive damages in such amount as is authorized by law.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that he be awarded his actual and punitive damages and/or liquidated damages herein, together with costs, pre- and postjudgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 19th DAY OF JUNE 2017.**

                s/Mark Hammons
                HAMMONS, GOWENS, HURST& ASSOC
                Mark Hammons OBA # 3784
                325 Dean A. McGee
                Oklahoma City, OK 73102
                Phone:     (405) 235-6100
                Fax:       (405) 235-6111
                Email:     cheri@hammonslaw.com
                JURY TRIAL DEMANDED
                ATTORNEY LIEN CLAIMED